IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL TIMMONS,

        Plaintiff,

v.                                                         No. 2:11-cv-2705-JDT-cgc

SHELBY COUNTY, et al.,

        Defendants.

## ORDER DENYING WITH PREJUDICE PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL A DISCOVERY RESPONSE

Before the Court is Plaintiff Michael Timmons' Motion for an Order to Compel a Discovery Response. (Docket Entry "D.E." #58). The instant motion was referred to the United States Magistrate Judge for disposition. (D.E. #60). Plaintiff contends that he has sent "Interrogatories to Parties" to opposing counsel J. Michael Fletcher ("Attorney Fletcher") and that he has not received a timely response. However, in what has become a pattern in Plaintiff's filings, he has refused to comply with Local Rule 7.2(a)(1)(B) requiring that he certify to the Court that he has consulted with the opposing party regarding the issues raised in the motion. Once again, Attorney Fletcher has been compelled to file an affidavit with this Court stating that he has not consulted with Plaintiff and has "never spoken" with Plaintiff "as to the motions or any other matter." (D.E. #59).

The Court has twice explained to Plaintiff, who is proceeding pro se, his obligation to consult under the Local Rules and has ordered Plaintiff to comply with this requirement. The Court has additionally warned Plaintiff that failure to attach an accompanying certificate of consultation may

1

be deemed good grounds for denying the motion. Local Rule 7.2(a)(1)(B). As Plaintiff has again blatantly disregarded the Local Rules by failing to consult in any manner with opposing counsel, the Court finds that the instant motion should be DENIED with prejudice and Defendants' shall not be required to respond to Plaintiff's discovery request. A denial with prejudice means that Plaintiff may not refile this motion again under any circumstances, as it has been permanently resolved in Defendants' favor.

Plaintiff is once again advised that failure to follow the Local Rules and the Federal Rules of Civil Procedure will result in Plaintiff's motions being denied with prejudice. Additionally, if Plaintiff continues to fail to consult with opposing counsel before filing motions and continues to fail to certify that he has so done, or continues to claim that mailing the motion to opposing counsel constitutes consultation, the Court may order or recommend more severe sanctions as appropriate, including a recommendation that Plaintiff's Complaint be dismissed for failure to comply with the Court's Orders.

**IT IS SO ORDERED** this 8th day of March, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE